**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**JAMES H. LEWIS,**

      **Petitioner,**

**vs.**                                **Case No. 4:11cv69-MP/CAS**

**MICHAEL D. CREWS, as Secretary
of Florida Department of Corrections,[1]**

      **Respondent.**

_____/


## REPORT AND RECOMMENDATION TO DENY § 2254 PETITION

On February 10, 2011, Petitioner James H. Lewis, proceeding pro se, filed a

petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. Petitioner filed

an amended § 2254 petition on May 24, 2011. Doc. 5. Petitioner challenges his

judgment and sentence imposed by the Second Judicial Circuit Court, Wakulla County,

on November 15, 2006, following an open plea of nolo contendere to the charges of

possession of a fraudulent driver's license, contrary to section 322.212(1), Florida

---

[1] The Clerk of Court shall substitute Michael D. Crews as Secretary of the Florida
Department of Correction in place of Kenneth S. Tucker. Michael Crews became
Secretary on December 17, 2012, and shall be automatically substituted pursuant to
Federal Rule of Civil Procedure 25(d).

Statutes, and giving a false or fictitious name in application for a driver's license,

contrary to section 322.212(5), Florida Statutes, in case number 2006-CF-166. *Id.*; Doc.

16 Ex. C at 2, 9-19. On December 19, 2011, Respondent filed an answer, with exhibits.

Doc. 16 Exs. A-R. On January 30, 2012, Petitioner filed a traverse as a reply, with

exhibits. Doc. 20.

      The matter is referred to the undersigned magistrate judge for report and

recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local

Rule 72.2(B). After careful consideration of all issues raised, the undersigned has

determined that no evidentiary hearing is required for disposition of this matter. *See*

Rule 8(a), R. Gov. § 2254 Cases in U.S. Dist. Cts. For the reasons stated herein, the

pleadings and attachments before the Court show that Petitioner is not entitled to

federal habeas relief, and the § 2254 petition should be denied.

## Procedural History

      On May 16, 2006, in Wakulla County Circuit Court case number 2006-CF-166,

the State of Florida charged Petitioner by Information with one count of possession of a

fraudulent driver's license, contrary to 322.212(1), Florida Statutes, and one count of

giving a false or fictitious name in application for a driver's license, contrary to

322.212(5), Florida Statutes. Doc. 16 Ex. C at 2. Petitioner entered an open plea of

nolo contendere on November 15, 2006. *Id.* at 9-19. On April 18, 2007, Petitioner was

sentenced to ten years in the Department of Corrections (DOC), suspended upon the

completion of probation. *Id.* at 12-19. Petitioner did not appeal his sentence. Doc. 16

at 2.

On April 20, 2007, two days after Petitioner was sentenced, the DOC filed an affidavit for violation of Petitioner's probation, based on a new law violation of possession of a firearm. Doc. 16 Ex. C at 57-59. The DOC amended the report on April 27, 2007, to include Petitioner changing his residence without prior authorization from his probation officer, leaving his county of residence without prior authorization of his probation officer, and moving to a residence prohibited by his probation officer and by the terms of his probation. *Id.* at 60-63. The circuit court dismissed the affidavit of violation on July 18, 2007. *Id.* at 67.

The DOC filed another violation report on August 1, 2007, based on an alleged violation of a domestic violence injunction. *Id.* at 68-70. On August 14, 2007, the DOC amended the affidavit to include Petitioner leaving the county without permission, in violation of the terms of his probation. *Id.* at 73-75. On October 10, 2007, the circuit court held a hearing based on the violation of probation. *Id.* at 76-125. On November 15, 2007, the court revoked Petitioner's probation and sentenced him to ten years in the DOC (five years for possession of a fraudulent driver's license and five years for giving a false or fictitious name in application for a driver's license), with credit for 600 days served. *Id.* at 148-49.

On December 10, 2007, Petitioner appealed the decision to the First District Court of Appeal (DCA), assigned case number 1D07-6254. *See* Doc. 16 Exs. F-H. The First DCA per curiam affirmed the case without opinion on August 6, 2009. Doc. 16 Ex. I; Lewis v. State, 13 So. 3d 1059 (Fla. 1st DCA 2009) (table). The mandate issued on August 24, 2009. Doc. 16 Ex. B; *see* online docket for case 1D07-6254 at

www.1dca.org.

On May 9, 2008, Petitioner, represented by the public defender, filed a motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800. Doc. 16 Ex. K at 1-7. In that motion, Petitioner raised two claims: that the circuit court believed it had no alternative but to impose the previously suspended sentence after Petitioner violated probation, and that the written order revoking probation did not recite the specific violation found. *Id.* at 4.

On November 12, 2008, Petitioner, proceeding pro se, filed another motion to correct illegal sentence under Rule 3.800. *Id.* at 178-81. Petitioner argued in that motion that his correct date of birth did not appear on the license in question and, therefore, the rule of lenity should apply to his case. *Id.* at 179. Also on November 12, 2008, Petitioner filed a postconviction motion pursuant to Florida Rule of Criminal Procedure 3.850. *Id.* at 182-201. Petitioner raised four claims: (1) that his attorney for his plea hearing failed to investigate the particulars of his case; (2) that she failed to acquire documents that could have exculpated him;(3) that the circuit judge was prejudiced against Petitioner; and (4) failure to compel to statute, which appears to be an argment that the rule of lenity should apply to the charges against Petitioner. *Id.* Petitioner included in his motion two items as addenda. *Id.* at 203-17. Addendum A is labeled, "This document attempts to paint the picture of the mental circumstances of movant during these proceedings." *Id.* at 203. Addendum B is a letter from Petitioner to the assistant state attorney that discusses Petitioner's relationship with his wife and his history of depression. *Id.* at 207.

Petitioner filed another Rule 3.800 motion on January 5, 2009. *Id.* at 233-37.

Petitioner argued that his two charges violated double jeopardy. *Id.* at 234. Petitioner

filed a subsequent Rule 3.800 motion on May 21, 2009, arguing that the charging

statute was ambiguous and that the rule of lenity should apply. Doc. 16 Ex. D at 1. The

circuit court denied one of Petitioner's Rule 3.800 motions on July 1, 2009. Doc. 16 Ex.

K at 346-49. Petitioner filed a second Rule 3.850 motion on September 14, 2009. *Id.* at

266-90. Petitioner argued that his attorney for his violation of probation hearing

provided ineffective assistance of counsel, that counsel failed to collect records, failed to

interview people, and failed to otherwise investigate Petitioner's case. *Id.* On January

5, 2010, the circuit court denied Petitioner's Rule 3.850 motion filed on November 12,

2008, Rule 3.850 motion filed on September 14, 2009, Petition for Writ of Habeas

Corpus with Liberty Interest, and motions for reconsideration of the circuit judge's

rulings. *Id.* at 309-23. It is unclear if the circuit court ruled on Petitioner's Rule 3.800

motion filed, through counsel, on May 9, 2008. Doc. 16 Ex. K at 1-7.

On or about January 20, 2010, Petitioner appealed the denial of his state

postconviction motions, assigned case number 1D10-317. *See* Doc. 16 Exs. M and N.

On October 12, 2010, the First DCA per curiam affirmed without opinion. Doc. 16 Ex.

O; Lewis v. State, 50 So.3d 1139 (Fla. 1st DCA 2010) (table). The mandate issued on

January 26, 2011. Doc. 16 Ex. R; *see* online docket for 1D10-317 at www.1dca.org.

As indicated above, on February 10, 2011, Petitioner filed a § 2254 petition in

this Court. Doc. 1. Petitioner filed an amended § 2254 petition on May 24, 2011. On

December 19, 2011, Respondent filed an answer, with exhibits. Doc. 16 Exs. A-R. On

January 30, 2012, Petitioner filed a traverse as a reply, with exhibits.  Doc. 20.

<u>Analysis</u>

Pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective

Death Penalty Act of 1996 (AEDPA), federal courts may grant habeas corpus relief for

persons in state custody.  Section 2254(d) provides, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect
> to any claim that was adjudicated on the merits in State court proceedings
> unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal law, as
> determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented in the State
> court proceeding.

28 U.S.C. § 2254(d).  *See* <u>Williams v. Taylor</u>, 529 U.S. 362 (2000); <u>Gill v. Mecusker</u>,

633 F.3d 1272 (11th Cir. 2011).

In this case, in his amended § 2254 petition, Doc. 5, Petitioner raises twelve

grounds for relief:

> (1) Defense counsel rendered ineffective assistance by failing to litigate the
> actual innocence of Petitioner to Count II;
>
> (2) Florida courts denied due process when they failed to abide by Rule 3.210
> (2006).  Petitioner was not competent to plead to Count II;
>
> (3) Defense counsel rendered ineffective assistance by pleading Petitioner to
> Count II when he was not competent to plea or assist in his own defense;
>
> (4) The Florida courts erred in determining double jeopardy did not apply;
>
> (5) Defense counsel rendered ineffective assistance by failing to litigate the
> double jeopardy issue of Count II;

(6) The trial court erred when it denied relief based on the principle of lenity as relating to Count II, and the pleadings in Exhibit F, as above;

(7) The Florida courts erred in ruling an information constitutes evidence in Count II;

(8) Blair Boyd, Public Defender, rendered ineffective assistance of counsel by failing to present Petitioner's "cast iron" alibi at the Probation Revocation Hearing;

(9) The trial court erred by relying on "evidence" that the judge had himself opined would not be admissible and by tainted testimony in the court's knowledge. The court erred in failing to hold a hearing on this motion, as well as all other pleadings wherein the trial court declined to hold hearings;

(10) The trial court erred, denying due process of law by failing, as required by law, to determine, even with a guilty plea, that a factual basis existed;

(11) Defense counsel rendered ineffective assistance by failing to compel the lawful requirement that a factual basis be shown even with a guilty plea;

(12) The trial court erred in failing to hold hearing(s) where the meritorious in nature claims presented were not refuted on the record.

Doc. 5 at ECF 4-11. In his reply ("traverse") to Respondent's answer, Petitioner withdraws claims eight, nine, ten, and eleven. *See* Doc. 20 at 35 and 43. Therefore, this Court will not address the merits of those claims. It is unclear whether Petitioner can challenge his original plea after his later violation of probation, but this Court addresses the merits of Petitioner's claims because the § 2254 petition appears to be timely.

Ground 1: IAC - Failure to litigate "actual innocence"

In his first ground, Petitioner alleges ineffective assistance of counsel (IAC). Doc 5 at 4. Petitioner claims that counsel failed to litigate actual innocence by failing to present evidence that Petitioner was incarcerated from March 16, 2006, until April 18, 2007, and therefore could not have committed Count II with which he was originally

charged (giving a false or fictitious name in application for a driver's license). *Id.*; *see also* Doc. 16 at 11. Respondent argues that this claim is without merit because Petitioner fails to meet either prong of the Strickland test. Doc. 16 at 7-12.

In Strickland v. Washington, the U.S. Supreme Court adopted a two-part test for IAC claims:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

466 U.S. 668, 687 (1984). To demonstrate ineffectiveness, a "defendant must show that counsel's performance fell below an objective standard of reasonableness." *Id.* at 688. To demonstrate prejudice, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

The Strickland test applies to ineffective assistance of counsel claims arising out of the plea process. Hill v. Lockhart, 474 U.S. 52, 57-58 (1985). When a defendant has entered a plea while represented by counsel, as here, "the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases'." *Id.* at 56 (quoting McMann v. Richardson, 397 U.S. 759, 771 (1970)). "[A] defendant who pleads guilty upon the advice of counsel 'may only attack the voluntary and intelligent character of the guilty plea by showing that the

advice he received from counsel was not within the standards set forth in <u>McMann</u>'." *Id.*
at 56-57 (quoting <u>Tollett v. Henderson</u>, 411 U.S. 258 (1973)). That a plea is one of nolo
contendere, as here, rather than guilty, does not warrant a different analysis for
purposes of habeas corpus. *See* <u>North Carolina v. Alford</u>, 400 U.S. 25, 35-37 (1970);
*see also* <u>Florida v. Royer</u>, 460 U.S. 491, 495 n.5 (1983) (explaining that "[u]nder Florida
law, a plea of nolo contendere is equivalent to a plea of guilty").

If a state prisoner's habeas petition "includes a claim that has been 'adjudicated
on the merits in State court proceedings,' § 2254(d), an additional restriction applies."
<u>Cullen v. Pinholster</u>, 131 S.Ct. 1388, 1398 (2011). The federal court may not grant
relief unless the state court's adjudication of the claim: (1) resulted in a decision that
was contrary to, or involved an unreasonable application of, clearly established Federal
law, as determined by the Supreme Court of the United States; or (2) resulted in a
decision that was based on an unreasonable determination of the facts in light of the
evidence presented in the State court proceeding. 28 U.S.C. § 2254(d). "This is a
'difficult to meet' and 'highly deferential standard for evaluating state-court rulings, which
demands that state-court decisions be given the benefit of the doubt.'" <u>Cullen</u>, 131
S.Ct. at 1398 (quoting <u>Harrington v. Richter</u>, 131 S.Ct. 770, 786 (2011), and <u>Woodford
v. Visciotti</u>, 537 U.S. 19, 24 (2002)). This Court's review "is limited to the record that
was before the state court that adjudicated the claim on the merits." <u>Cullen</u>, 131 S.Ct.
at 1388.

For this Court's purposes, importantly, "[t]he question 'is not whether a federal
court believes the state court's determination' under the <u>Strickland</u> standard 'was

incorrect but whether that determination was unreasonable – a substantially higher

threshold.'" <u>Knowles v. Mirzayance</u>, 556 U.S. 111, 123 (2009) (quoting <u>Schiro v.

Landrigan</u>, 550 U.S. 465, 473 (2007)). "And, because the <u>Strickland</u> standard is a

general standard, a state court has even more latitude to reasonably determine that a

defendant has not satisfied that standard." *Id.* It is a "doubly deferential judicial review

that applies to a <u>Strickland</u> claim evaluated under the § 2254(d)(1) standard." *Id.*

In his written plea, Petitioner indicated he was aware of the maximum and

minimum penalties of entering his plea and that he was satisfied with the services of his

counsel. Doc. 16 Ex. C at 9. The written plea contains the following:

> (2) I understand that a plea of not guilty denies my guilt, a plea of guilty admits
> my guilt, and a plea of no contest means that I will not contest the evidence
> against me. I also understand that if the Judge accepts this plea of guilty or no
> contest, there will be no trial and that I will be sentenced based on my plea.
>
> (3) I understand the nature of the charges to which I am pleading and I am aware
> of the maximum and minimum penalties. My lawyer has informed me of the facts
> the State would have to prove before I could be found guilty, and discussed with
> me any possible defenses that could be raised in my case. I declare that I am
> satisfied with my lawyer's advice and help.

*Id.* Petitioner's signature on this plea acknowledges that he was aware of possible

defenses in his case, which would include actual innocence, and yet chose to enter a

plea and forfeit his right to raise any defenses at trial. *Id.* In entering a plea of nolo

contendere, Petitioner acknowledged that he did not contest the evidence against him in

this case. *Id.* Nothing in the record suggests that counsel's performance "fell below an

objective standard of reasonableness." <u>Strickland</u>, 466 U.S. at 688. To the contrary,

the record reflects Petitioner's understanding of his plea and his satisfaction with his

counsel. Doc. 16 Ex. C at 9.

In addition, Petitioner has not shown that counsel's performance, if deficient, resulted in prejudice.  *See* Strickland, 466 U.S. at 694.  The record reflects that Petitioner understood the consequences of his plea and did not wish to contest the evidence against him.  Doc. 16 Ex. C at 9.  Petitioner's statements at his plea hearing acknowledge that he entered his plea freely and voluntarily and felt it to be in his best interest to do so.  *Id.* at 6.  Petitioner has not shown that, but for counsel's supposed error, he would not have entered an open plea of nolo contendere and would have insisted on proceeding to trial.  *See* Hill, 474 U.S. at 59.  Therefore, relief on this ground should be denied.

Ground 2: Trial court failed to abide by a state rule in<br>determining Petitioner's competence

In his second ground, Petitioner claims the trial court denied him federal due process by failing to abide by a state rule in determining Petitioner's competence.  Doc. 5 at 4.  Respondent argues that Petitioner did not raise this claim in any of his postconviction motions and that Petitioner has therefore failed to exhaust his state court remedies on this issue.  Doc. 16 at 12-17.  Petitioner argues that he did raise this claim in his first 3.850 motion and on appeal to the First DCA.  Doc. 20 at 12.

In making this argument, Petitioner does not present a federal claim capable of being remedied by this Court.  *See* 28 U.S.C. § 2254(a).  A claim for failure to comply with a state procedural rule does not raise a claim for federal habeas relief.  *See, e.g.,* Wainwright v. Goode, 464 U.S. 78, 104 (1983) ("It is axiomatic that federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension."); *see also* Lowery v. McDonough, No. 3:04cv311, 2006 WL 3091476 (N.D.

Fla. Oct. 27, 2006) ("In Petitioner's argument of this sub-issue in his amended habeas petition, he contends only that the trial court failed to fulfill the mandate of the state procedural rule [citation omitted]. It is well established that federal habeas relief is available to correct only constitutional injury."). Petitioner's second ground addresses the state court's failure to abide by a state procedural rule. Doc. 5 at 4. A violation of a state procedural rule is not a federal claim capable of being remedied by this Court. Accordingly, relief on this ground should be denied.

To the extent that Petitioner is attempting to raise this issue as a federal claim, Petitioner has not fairly presented this claim to the state courts, and therefore, federal habeas review is precluded. *See* 28 U.S.C. § 2254(b)(2)*; see also, e.g.,* Pope v. Sec'y for Dep't of Corr., 680 F. 3d 1271, 1284 (11th Cir. 2012) ("Federal habeas review of a petitioner's claim is typically precluded when the petitioner procedurally defaulted on or failed to exhaust the claim in state court . . . . A failure to exhaust occurs . . . when a petitioner has not 'fairly present[ed]' every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review."). Petitioner argues that he raised this claim in his first 3.850 motion and on appeal to the First DCA. Doc. 20 at 12. Petitioner states in his amended § 2254 petition that he "repeatedly averred he had not been competent." Doc. 5 at 7. Petitioner's prior claims in state court regarding competency, however, do not assert a denial of Petitioner's constitutional rights.

In his first Rule 3.850 motion, as noted above, Petitioner presented four claims: (1) that his attorney for his plea hearing failed to investigate the particulars of his case;

(2) that she failed to acquire documents that could have exculpated him; (3) that the

circuit judge was prejudiced against Petitioner; and (4) failure to compel to statute,

which appears to be an argument that the rule of lenity should apply to the charges

against Petitioner.  Doc. 16 Ex. K at 182-201.  Although Petitioner mentioned his mental

state and competency, Petitioner did not present the issue of his competence as a

federal claim in this motion.  *See id.*  Petitioner stated:

> In preface, movant informs this court that, during the majority of his incarceration
> in the Wakulla County jail, he was so seriously in thrall to his medically diagnosed
> clinical depression that he could not ratiocinate competently.  Movant includes
> herewith Addendum A, a more fully developed observation of this time.  Suffice it
> here to say: Movant was demonstrably, by psychological evaluation, not mentally
> competent.

*Id.* at 183.  In Addendum A, attached to this motion, Petitioner raises the issue of

competency as a defense to his prior battery charges against his wife and asserts that

he was the victim of her physical, verbal, and psychological abuse.  Petitioner states:

> Movant had long been medically diagnosed as suffering from clinical depression.
> A seriously depressed person simply cannot, because of this condition, be
> violent.
>
> [. . .]
>
> Movant can offer no rationale whatsoever as to why he continued to endure this
> environment.  Psychologist[s] have explained the phenomenon to Movant.  He
> still cannot understand.  Different consciousness.
>
> This is the mental circumstance when Movant was taken into custody.
>
> While in the W.C.J., Movant experienced uncontrollable crying jags, as known to
> the W.C.J. medical staff.
>
> Movant was not supplied with his prescribed anti-depressant for nine (9) day
> prior to entering plea.  This is known and documented by the medical staff.
>
> Due to these circumstances, Movant was near constantly in a severely
> depressed state.  He literally could not ratiocinate effectively.  He could not do

simple arithmetic (93 - 7 = __ ); he could not even force a writing pen to follow the lines.

Ms. Edrine Johnson of the Public Defender's Office was appointed to represent Movant. The State was determined to commit Movant to a mental hospital. Movant, over a period of months, was evaluated by three psychologists.

Each time Movant was given the Minnesota Multi-phasic Personality Inventory. He showed significant depression. The first two found he suffered from other induced psychosis, meaning there was most probably an outside effect for the condition. There certainly was.

The third psychologist, after nearly a year had passed, found significant clinical depression, but movant no longer endured psychosis.

Imagine trying to competently mentate under the circumstances. Movant had never seen a single document. He literally did not know the charges against him.

More than this, he did not perceive this lack.

Being in not sound mental condition, Movant must need rely entirely on Ms. Johnson.

*Id.* at 204-206. In Addendum A, Petitioner does not raise the issue of his competency as a violation of his constitutional rights but rather appears to address his competency as a means of denying the battery charges against him and explaining why he relied on his attorney to give effective assistance of counsel and how that alleged ineffectiveness impacted his sentence. *Id.* at 204-206.

In Addendum B, a letter from Petitioner to the assistant state attorney, Petitioner requested that a number of questions be presented to him in a polygraph examination. *Id.* at 207. Petitioner addressed his relationship with his wife and again asserted that he was the victim of physical and psychological abuse. *Id.* at 208. Petitioner stated:

Linda had driven me from the house with physical and psychological attacks. I was huddled in a corner of a disintegrating trailer. I was so depressed and whipped and physically ill that I could not function.

*Id.* at 208-209. Petitioner continues the letter with a discussion of his wife's history of substance abuse, as well as that of her family members and boyfriend. *Id.* at 209-11. Petitioner again requested that he be allowed to take a polygraph test and suggested potential questions regarding his relationship with his wife. *Id.* at 213-17. Petitioner did not, however, raise the issue of competency as a federal claim in his first Rule 3.850 motion or in the attached addenda.

Petitioner also argues that he raised this claim on appeal to the First DCA. Doc. 20 at 12. This claim was not raised in the appeal of Petitioner's revocation of probation and sentence to ten years in custody. Doc. 16 Ex. F. Petitioner, represented by the Public Defender, raised three issues on appeal: (1) whether the trial court erred in finding that he wilfully and substantially violated Condition Three of his probation, which prohibited leaving the county without the consent of his probation officer; (2) whether the trial court erred in finding that he wilfully and substantially violated Condition Five of his probation, which prohibited new law violations; and (3) whether the trial court erred in sentencing him to the full term of his suspended sentence upon revoking his probation because the trial court believed that it could not impose a lesser sentence absent some reason to justify departure from the suspended sentence. *Id.* Petitioner's competency is not presented as a federal claim in this appeal.

Petitioner mentioned his competency in his pro se appeal of the circuit court's denial of his various motions, but he did not raise it as a federal claim. *See* Doc. 16 Ex. M. Petitioner stated in his appeal that he sought review of three Rule 3.800 motions because (1) Count II violated section 775.021(4)(b)(2), Florida Statutes; (2) Count II was

"all inclusive" as to section 322.212(5), Florida Statutes; and (3) that Count II constituted

fundamental error. *Id.* at 3-10. Petitioner also sought review of the denial of three

motions regarding the prior circuit judge's rulings, based on his belief that the judge who

had previously been assigned to his case was prejudiced against him. *Id.* at 12-14.

Petitioner also challenged the denial of his first Rule 3.850 motion based on ineffective

assistance of counsel at his plea hearing, *id.* at 14-18, as well as his second Rule 3.850

motion based on ineffective assistance of counsel at his revocation hearing, *id.* at 18-

20. Petitioner mentioned the issue of competency but did not present the issue as a

federal claim. Petitioner stated:

> Appellant is diagnosed with moderate/severe depression. At times his ability to ratiocinate, mentate or infer are sharply dimished. Still Appellant is certain he has never applied for or received a license in Wakulla County. But his guilty plea does strongly evidence his averment that he was not mentally competent to plea, and that his counsel was ineffective thereunto.
>
> Appellant presumes, in his unlearned by literate state, that this issue is a matter of de novo review for plain error. In practice, this court of appeal will only recognize error sparingly, and only when such error affects the outcome [citation omitted]. This standard is met when, as presently, the crime charged and pleaded to in open plea does not exist. There is clear proscription within the law disallowing such convictions to stand.
>
> This same factual basis is utilized by Appellant to support one of his issues in his Rule 3.850 Motion, i.e., that he could not ratiocinate, mentate, or competently infer from known information. Still, this does not proscribe these arguments, when used toward a different end.

*Id.* at 10-11. Petitioner also stated:

> When one's client/Defendant is unable to aid in his own defense, due diligence, such as an examination of the State's case, is absolutely imperative. Not to have done so is ineffective, with consequent negative repercussions, as per *Strickland*. Appellant is due relief.

*Id.* at 18.

Petitioner described his mental state and his perceived level of competency in his first Rule 3.850 motion and in his pro se appeal, but he did not fairly present the issue to the state courts as a federal claim. "[F]or purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." Lowery, 2006 WL 309176 at *5, *citing* Picard v. Connor, 404 U.S. 270, 277 (1971). "[O]rdinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." Baldwin v. Reese, 541 U.S. 27, 32 (2004). "A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal'." *Id*. Petitioner did not present the issue of competency in state court as a federal claim by indicating in a petition or brief that there was a federal law basis for his claim, by citing federal law, or by labeling the claim "federal." Therefore, Petitioner has not "fairly presented" to the state courts a federal claim regarding his alleged incompetency. Accordingly, Petitioner is not entitled to relief on this ground.

Even if Petitioner fairly presented this issue to the state courts as a federal claim, Petitioner would still not be entitled to relief based on his statements regarding his alleged incompetency. "A lifelong history of mental illness and emotional problems does

not demonstrate incompetency without a specific showing of how these difficulties

generated a substantial doubt as to petitioner's competency at the time in question."

Lowery, 2006 WL 309176 at *12, *citing* Medina v. Singletary, 59 F.3d 1095, 110 (11th

Cir. 1995).  Similarly, Petitioner's statement that he was affected by his medication does

not, without further evidence, entitle him to relief.  "The administration of drugs is merely

a relevant factor in the determination of competence."  Sheley v. Singletary, 955 F.2d

1434, 1438-39 (11th Cir. 1992).  "[Petitioner] must present evidence demonstrating that

the dosage given him affected him sufficiently adversely as to raise a doubt of his ability

to consult with his lawyer and to have a rational understanding of the proceedings

against him." *Id.*, (holding "[a] bare allegation of the level of psychotropic drugs

administered to petitioner before entering his plea . . . is insufficient to meet this

evidentiary threshold.").  There is nothing in the record, beyond bare allegations, to

indicate that Petitioner was incompetent as a result of insufficient medication at the time

of his plea.  Indeed, at his plea hearing, Petitioner stated that he was taking medication

that aided his level of competence and that he was competent to enter a plea.  Doc. 16

Ex. E at 9.  Therefore, relief on this ground should be denied.

Ground 3:  IAC for permitting Petitioner to enter a plea<br>when he was not competent

In his third ground, Petitioner claims his trial counsel rendered ineffective

assistance by permitting Petitioner to enter a plea on Count II when he was not

competent.  Doc. 5 at 5.  Respondent argues that Petitioner did not raise this claim in

any of his postconviction motions in state court and therefore has failed to exhaust his

remedies in state court.  Doc. 16 at 17.   Respondent also argues that this claim is

without merit. *Id.*

Respondent's argument is well-taken. Petitioner is not entitled to relief on this ground because he has not exhausted his remedies in state court. *See* 28 U.S.C. § 2254(b)(2); *see also, e.g.,* Pope, 680 F.3d at 1284.

Even assuming that Petitioner properly exhausted this claim, he would not be entitled to relief because, as explained above, Petitioner declared his satisfaction with his legal counsel when he entered his plea of nolo contendere. Doc. 16 Ex. C at 9. In addition, the transcript of the plea hearing and the language of the plea agreement itself suggest that Petitioner's claim is without merit. *Id.* at 9; Doc. 16 Ex. E. At the plea hearing, the terms of the plea were reviewed, and Petitioner's counsel, Edrene Johnson, stated:

> MS. JOHNSON: Your Honor, at this time, Mr. Lewis is going to withdraw any previous plea of not guilty, enter a plea of no contest to a charge of possession of a fraudulent driver's license, which is a third degree felony punishable by up to five years in prison, and a driver's license violation, which is a third degree felony punishable by up to five years in prison. There is no agreed-upon sentence.
>
> THE COURT: Where is the scoresheet?
>
> MS. JOHNSON: Your Honor, the State has prepared a scoresheet. I've gone over that scoresheet with Mr. Lewis.
>
> THE COURT: Is there any objection to that scoresheet or correction that's required with respect to the scoresheet?
>
> MS. JOHNSON: No, your Honor. I've explained to Mr. Lewis that his scoresheet has him scoring 9.7 months. However, the maximum sentence is ten years in the Department of Corrections. We have discussed that. He understands that there is no agreement in his plea. And we're requesting a sentencing date.

Doc. 16 Ex. E at 3. Petitioner testified at his plea hearing. Doc. 16 Ex. E at 4. The court asked Petitioner:

THE COURT: All right, sir. You can put your hand down. You just heard your lawyer indicate that you wish to enter pleas of no contest to counts 1 and 2 in this case as charged.

Based on your understanding and agreement that you have no understanding or agreement with the State and under the guidelines, the maximum on each of these counts is five years or a total of ten years in the state penitentiary and you've been informed that upon your guidelines scoresheet calculation that you do score a maximum of ten years in the state penitentiary but with the lowest permissible sentence of being any nonstate prison sanction but that the Court will impose your sentence and it can be somewhere within that range.

Now, with that information and knowledge, do you nevertheless – is that how you wish to enter your pleas in this case?

THE DEFENDANT: Yes, your Honor.

THE COURT: All right. Then have you gone over carefully with your lawyer this written plea form and do you understand everything that's been stated in the written plea form as well as everything that's been stated here in open court?

THE DEFENDANT: Yes, your Honor.

THE COURT: Is there anything you don't understand about anything that's been stated here in the written plea form or anything stated here in open court? Is there anything you don't understand?

THE DEFENDANT: No, your Honor.

THE COURT: All right. That being the case, has anybody forced you or threatened you or coerced you in any manner into entering these pleas?

THE DEFENDANT: No, your Honor.

THE COURT: Are you entering the pleas freely, knowingly, and voluntarily and because you believe it's in your best interest to do so?

THE DEFENDANT: I'm sorry. I didn't hear you.

THE COURT: Are you entering these pleas freely, knowingly, and voluntarily and because you believe it's in your best interest to do so?

THE DEFENDANT: Yes, sir. Yes, your Honor.

THE COURT: Are you at this time under the influence of any alcohol, drugs, or

strong medication?

THE DEFENDANT: No, your Honor.

THE COURT: All right.  That being the case, is there a factual basis?

THE DEFENDANT: Well, I was going to tell you –

THE COURT: Hold on.  I'm asking your lawyer.

THE DEFENDANT: I'm sorry.

MS. JOHNSON: Your Honor, we stipulate.

THE COURT: All right.  Based upon the stipulation and the charging document in your file, the Court finds that there's a factual basis to support the charges.  The pleas are being entered freely, knowingly, and voluntarily and the Court will accept the pleas.  At this time, then, the Court will order a presentence investigation report and sentencing will have to be set when?

THE CLERK: December 14th at 1.

THE COURT: All right.  So ordered.

MS. JOHNSON: Your Honor, Mr. Lewis did just inform me that he is taking an antidepressant.

THE COURT: Do what?

MS. JOHNSON: He is taking an antidepressant.  You indicated if he was, if he was under the influence of any type of substances.  He did indicate that he is taking an antidepressant.

THE COURT: I see.  And is that medication interfering with your mental faculties so that you don't understand the nature of this proceeding and the entry fo the pleas and everything that I have informed you of and everything that your lawyer has informed you ok?

THE DEFENDANT: No, your Honor.  In fact, it aids.  I'm not sure I'm fully competent, but it does aid me, yes, and it doesn't –

THE COURT: If you're not sure you're fully competent –

THE DEFENDANT: Yes, I am.  Yes, your Honor, I am competent.

THE COURT: – the Court is going to withdraw its pleas and we'll set it back in the docket.  What's the next case?

THE DEFENDANT: Your Honor, I do want to – may I speak again?  I do feel that I'm within the normal range of competency.  What I was saying was that the drug

does aid me to be competent and without it, I don't think I would be.

THE COURT: I just asked you if you had any – if there was any type of impairment so that you didn't understand what's going on.

THE DEFENDANT: No, sir.  No, your Honor.  I'm getting in a hole here.  I'm not trying to – I was just trying to be honest and say that I take an antidepressant and that it does help me.

THE COURT: Well, it helps you.

THE DEFENDANT: Yes, sir.

THE COURT: Well, that's good, but I don't want it to interfere with your mental processes so that you might not understand the nature of this proceeding that you're entering pleas and what you've been informed of, the rights you are waiving, and what the consequences of not having any agreement with the State and what your maximum exposure is and what's your minimum exposure.

THE DEFENDANT: Yes, your Honor.  I do understand that.

THE COURT: All right.  If you can understand that, then set it for sentencing, then.

Doc. 16 Ex. E at 5-9.

As previously noted, there is a "doubly deferential judicial review" applied to

claims of ineffective assistance of counsel.  *See* Knowles, 556 U.S. at 123.  Petitioner

has not shown that his counsel's assistance "fell below an objective standard of

reasonableness," Strickland, 466 U.S. at 688, or outside "'the range of competence

demanded of attorneys in criminal cases'," Hill, 474 U.S. at 57-58.  In addition,

Petitioner has not shown that "there is a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different."

Strickland, 466 U.S. at 694.  When Petitioner entered his pleas, he stated under oath

that he thought doing so was in his best interest.  Doc. 16 Ex. E at 6.  The record

reflects that Petitioner understood his plea and the consequences of entering it and

entered it freely and voluntarily.  *Id.*  Therefore, assuming Petitioner has exhausted this

claim in state court, relief on this ground should be denied.

Ground 4: Double Jeopardy

Petitioner claims that the Florida courts erred in determining that double jeopardy

did not apply to his sentence. Doc. 5 at ECF 7. Petitioner appears to argue that his two

convictions under section 322.212, Florida Statutes, violate the Double Jeopardy

Clause. *See* Doc. 16 at 18. Respondent argues that this claim is without merit. *Id.* at

18-26.

Petitioner was charged with two counts, one under section 322.212(1), Florida

Statutes, and one under section 322.212(5), Florida Statutes. Section 322.212(1)(a),

Florida Statutes (2006), provides that it is unlawful for any person to:

> [k]nowingly have in his or her possession or to display any blank, forged, stolen, fictitious, counterfeit, or unlawfully issued driver's license or identification card or any instrument in the similitude of a driver's license or identification card unless possession by such person has been duly authorized by the department . . . .

This provision therefore criminalizes the knowing possession of a fraudulent driver's

license or other means of identification. Section 322.212(5)(a), Florida Statutes (2006),

however, criminalizes the use of a false or fictitious name in the application for a driver's

license:

> It is unlawful for any person to use a false or fictitious name in any application for a driver's license or identification card or knowingly to make a false statement, knowingly conceal a material fact, or otherwise commit a fraud in any such application.

These two provisions do not implicate double jeopardy because one requires

*possession* of a fraudulent license, and the other addresses the use of a false or

fictitious name in the *application* for a license. *See* <u>Valdes v. State</u>, 3 So. 3d 1067,

1069 (Fla. 2009) ("[T]here is no constitutional prohibition against multiple punishments for different offenses arising out of the same criminal transaction as long as the Legislature intends to authorize separate punishments."); *see also* Comas v. State, 45 So. 3d 49, 50-51 (Fla. 1st DCA 2010) (holding double jeopardy does not apply where "convictions were based on distinct criminal acts that occurred in the same criminal episode."). Therefore, Petitioner is not entitled to relief on his fourth ground.

<u>Ground 5: IAC - Failure to litigate Double Jeopardy</u>

Petitioner argues that his counsel rendered ineffective assistance by failing to litigate that his sentence on Count II violated the Double Jeopardy Clause. Doc. 5 at ECF 8. Respondent argues that this claim is without merit and that counsel cannot be ineffective for failing to litigate a meritless issue. Doc. 16 at 26-27.

As previously noted, there is a "doubly deferential judicial review" applied to claims of ineffective assistance of counsel, *see* Knowles, 556 U.S. at 123, and Petitioner has failed to show that his counsel's assistance "fell below an objective standard of reasonableness," Strickland, 466 U.S. at 688, or outside "'the range of competence demanded of attorneys in criminal cases'," Hill, 474 U.S. at 57-58.

Furthermore, Respondent is correct in noting that counsel cannot be ineffective for failing to raise a meritless claim. *See, e.g.,* Williamson v. Dugger, 651 So. 2d 84, 86 (Fla. 1994) ("'Where a particular legal argument, had it been argued . . . , would in all probability have been found without merit, the omission to raise it will not be deemed a deficiency' such as to constitute ineffective assistance of appellate counsel", *quoting* Thomas v. Wainwright, 495 So.2d 172, 174 (Fla.1986), *cert. denied,* 480 U.S. 911

(1987)); *see also* <u>United States v. Nyhuis</u>, 211 F.3d 1340, 1344 (11th Cir. 2000)

(holding counsel not deficient for failing to raise claim that lacked merit). As noted

above, Petitioner's claim of a Double Jeopardy violation lacks merit. Therefore, even if

counsel's performance was deficient, it would not have prejudiced Petitioner's case as

required by <u>Strickland</u>. *See* 466 U.S. at 694. Accordingly, Petitioner is not entitled to

relief on this ground.

<u>Ground 6: Lenity</u>

In his sixth ground, Petitioner claims that "[t]he trial court erred when it denied

relief based on the principle of lenity as relating to Count II, and the pleadings in Exhibit

F, as above." Doc. 5 at ECF 8. Respondent interprets Petitioner's claim to be "that

Count II was properly a misdemeanor based on the principle of lenity." Doc. 16 at 27.

Respondent argues that this is not a federal claim and lacks merit. *Id.* at 27-29.

Whether Petitioner should have been charged with a misdemeanor or felony is a

matter of state law and is an issue best left to the state courts. *See* <u>Pulley v. Harris</u>, 465

U.S. 37, 41 (1984) ("A federal court may not issue the writ on the basis of a perceived

error of state law."); *see also* <u>Agan v. Vaughn</u>, 119 F.3d 1538, 1549 (11th Cir. 1997)

("[S]tate courts are the final arbiters of state law, and federal habeas courts should not

second-guess them on such matters."). As noted above, the state courts' rulings are

entitled to deference, and review is limited to the record before the state court. *See*

<u>Cullen</u>, 131 S.Ct. at 1388.

Furthermore, the language of the charging statute, section 322.212(6), Florida

Statutes, provides:

Case No. 4:11cv69-MP/CAS

*Except as otherwise provided in this subsection, any person who violates any of the provisions of this section is guilty of a felony of the third degree.* . . . Any person who violates paragraph (5)(a) by giving a false *age* in any application for a driver's license or identification card or who violates paragraph (5)(b) by possessing a driver's license, identification card, or any instrument in the similitude thereof, on which the date of birth has been altered is guilty of a misdemeanor of the second degree . . . . Any person who violates paragraph (1)(d) commits a felony of the third degree . . . .

(emphasis added). Petitioner was charged under section 322.212(1), Florida Statutes,

for possession of a fraudulent driver's license and under section 322.212(5)(a), Florida

Statutes, for use of a false or fictitious *name* in the application for a driver's license.

Therefore, Petitioner is not entitled to any of the exceptions under this provision.

Nothing in the record indicates the state courts' adjudication of this claim resulted in a

decision that was either (1) contrary to, or involved an unreasonable application of,

clearly established U.S. Supreme Court precedent, or (2) based on an unreasonable

determination of the facts in light of the evidence presented in the state court

proceeding. *See* 28 U.S.C. § 2254(d). Petitioner is not entitled to relief on this ground.

<u>Ground 7: Factual Basis</u>

In his seventh ground, Petitioner claims that the trial court erred in finding that an

Information constituted evidence in Count II. Doc. 5 at ECF 8. Petitioner appears to

argue that the Information did not include specific details of the charges and therefore

cannot serve as a factual basis for his conviction. *See id.* at ECF 9. Respondent

argues that this is not a federal claim and is without merit. Doc. 16 at 29-31.

Whether there was a factual basis for Petitioner's conviction is a matter of state

law and should not be determined by this Court. "States are free to adopt procedural

rules requiring a factual basis as Florida has done in Rule 3.172(a). The federal

Constitution, however, does not mandate them to do so, and a violation of such state procedural rules does not *of itself* raise constitutional questions reviewable by federal habeas courts." Wallace v. Turner, 695 F.2d 545, 548 (11th Cir. 1983). Therefore, relief on this ground should be denied.

### Grounds 8-11

As noted above, Petitioner withdrew Grounds 8-11 in his reply ("traverse") to Respondent's answer. Doc. 20 at 35 and 43. Accordingly, this Court need not address the merits of those claims.

### Ground 12: Failure to hold evidentiary hearing

In his twelfth ground, Petitioner claims that the trial court erred in failing to hold an evidentiary hearing on any of his claims. Doc. 5 at ECF 11. Respondent argues that this is not a cognizable claim. Doc. 16 at 35-36.

The decision whether or not to hold an evidentiary hearing on a claim is a matter of state law, properly left to the state courts. "State courts are the ultimate expositors of their own state's laws, and federal courts entertaining petitions for writs of habeas corpus are bound by the construction placed on a state's criminal statutes by the courts of the state except in extreme cases." McCullough v. Singletary, 967 F.2d 530, 535-36 (11th Cir. 1992); *see* Pulley, 465 U.S. at 41; *see also* Agan v. Vaughn, 119 F.3d at 1549.

As noted above, state courts are entitled to deference in their adjudication of a defendant's claims. *See* Cullen, 131 S.Ct. at 1388. Nothing in the record indicates that the state court's decision not to hold a hearing was (1) contrary to, or involved an

unreasonable application of, clearly established U.S. Supreme Court precedent, or (2)

based on an unreasonable determination of the facts in light of the evidence presented

in the state court proceeding.  *See* 28 U.S.C. § 2254(d).  Therefore, relief on this ground

should be denied.

## Conclusion

Based on the foregoing, Petitioner is not entitled to federal habeas relief.

Accordingly, the amended § 2254 petition (Doc. 5) should be denied.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States

District Courts provides that "[t]he district court must issue or deny a certificate of

appealability when it enters a final order adverse to the applicant," and if a certificate is

issued "the court must state the specific issue or issues that satisfy the showing

required by 28 U.S.C. § 2253(c)(2)."  Rule 11(b) provides that a timely notice of appeal

must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional

right.  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000)

(explaining substantial showing) (citation omitted).  Therefore, the Court should deny a

certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the

court may direct the parties to submit arguments on whether a certificate should issue."

The parties shall make any argument as to whether a certificate should issue by

objections to this report and recommendation.

Leave to appeal in forma pauperis should also be denied. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

### Recommendation

It is therefore respectfully **RECOMMENDED** that the Court **DENY** the amended § 2254 petition (Doc. 5). It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**. The Clerk shall substitute Michael D. Crews for Kenneth S. Tucker as Respondent.

**IN CHAMBERS** at Tallahassee, Florida, on November 25, 2013.


S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy of this report and recommendation. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**